TENNESSEE STREAM POLLUTION CONTROL BOARD, Petitioner,

*v.*

TOM RESHA et al., Respondents.

(*Nashville*, December Term, 1960.)

Opinion filed March 10, 1961.

JACK WILSON and JAMES M. GLASGOW, Assistant Attorneys General, for petitioner.

WILLIAMS, HARWELL, HOWSER & THOMAS, Nashville, for respondents.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The within petition for writs of certiorari and supersedeas alleging illegal and arbitrary action or inaction of the Chancellor arises out of a proceeding originated by the petitioner under the Stream Pollution Act, TCA 70-301 et seq. By reason of the fact that TCA 70-310 provides that appeals from judgments and decrees of the Chancery Court in such proceeding shall lie directly to the Supreme Court, despite the fact that controverted questions of fact may be involved herein, the application for the writ is made directly to this Court.

The substance of the petition is stated on page 2 thereof. It is alleged that the Pollution Control Board duly issued special orders to Tom Resha and Harry Resha, Jr., under the provisions of the Act; that said special orders became final; that it filed its bill in the Chancery Court of Davidson County, which is the sole and proper venue as provided by the Act, asking the Court to enforce said orders, as provided by the Act.

That under the plain wording of the Act the sole duty of the said Chancery Court was to fix a new date or dates for the performance of the orders issued by the petitioner, and that the said Court was, and is, prohibited by law from holding a hearing for any purpose other than to fix new dates for the performance of the said orders.

That despite the plain wording of said statutes the Chancellor permitted the defendants to file a cross-bill against this petitioner, permitted the defendants to bring new parties into the suit by cross-bill, and arbitrarily and unlawfully overruled the petitioner's objections to such action.

That the cause was duly set for trial; that at the hearing the petitioner, through its solicitors, requested the Chancellor to fix new dates for the performance of the said final orders, as he was required to do under the plain wording of Sec. 70-310 of the Code; and that the Chancellor arbitrarily and unlawfully, not only failed and refused to take such action but announced that he was continuing the case on his own motion and this without any lawful reason whatsoever.

The respondents have filed a motion to dismiss because there is no bill of exceptions.

There is, in fact, no bill of exceptions and the only thing shown by the transcript of the record are the pleadings in detail which are referred to generally hereinabove.

Certainly there is nothing that we can consider so far as anything may have occurred that is not reflected in the technical record, in this case the pleadings. Without a bill of exceptions the statements, as to matters not

appearing in the technical record, in the petition for certiorari cannot be considered by this Court.

Insofar as the Chancellor's action in allowing cross-bills, etc., his action on demurrers to same, etc., are concerned, they are all matters as to which, if the Chancellor has erred, can be corrected after a final decree and upon an appeal. These matters do not present a situation for writs of certiorari and supersedeas from interlocutory orders of the Chancellor. There is no question of any irreparable injury involved. If counsel for petitioner are under the impression, as they appear to be, that the provisions of TCA 70-310 would prevent a respondent from making many defenses, such as the constitutionality of the statute and many other questions, we are not prepared at the present time to agree therewith.

Let the writs be denied.

All concur.